```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Anna M. Vines Carter,           :

    Plaintiff,              :

  v.                             :         Case No. 2:14-cv-2344

                                       :         JUDGE JAMES L. GRAHAM
Clerk of Court,                            Magistrate Judge Kemp
    et al.,                    :

    Defendants.             :

REPORT AND RECOMMENDATION

    Plaintiff, Anna M. Vines Carter, a non-prisoner *pro se* litigant, filed this action asking for leave to proceed *in forma pauperis*. Ms. Carter qualifies financially for *in forma pauperis* status, so her motion for leave to proceed (Doc. 1) is granted. However, the Court will recommend that the complaint be dismissed as frivolous.

I.

    28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal

district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. See Haines v. Kerner, 404 U.S. 519 (1972). The Court is required to review Ms. Carter's complaint under these standards.

## II.

Ms. Carter's complaint is essentially incomprehensible. She names the "Clark Court of Columbus Franklin" as the defendant, with an address of 375 S. High Street, which building houses the Franklin County Municipal Court. She refers to a date of "11-16-12" in her complaint and to some other entities such as Mt. Carmel Hospital and Riverside Hospital. As best the Court can determine, she complains that the state court used an incorrect name in connection with state court cases involving the Plaintiff and these entities. She asserts her correct name (based on the Court's reading of her handwriting, which is somewhat difficult to decipher) is "Gold Seal Under Document Ordered Cardinal Bishop Rites Religious Server Anna M. Vines Carter." Her complaint does not appear to ask for any specific relief, but she indicated on the civil cover sheet (which is not part of the complaint) that she is seeking damages in the amount of $6,666,666 trillion.

A fundamental problem with the complaint is its failure to address the basis of this Court's jurisdiction. The complaint names a state actor, the Clerk of some state court, but does not indicate why the Court might have jurisdiction over whatever claim Plaintiff appears to be making. Even if there were some jurisdictional basis, however, the complaint is not a short and

plain statement of a claim, see Fed.R.Civ.P. 8(a), nor does it allege any facts which might plausibly state a claim under federal or state law.  See, e.g., Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), holding that a complaint must contain "enough facts to state a claim to relief that is plausible on its face."

In other cases filed by this Plaintiff (and she has filed more than a dozen cases in this Court), the Court has been very liberal in granting her an opportunity to amend her complaint to attempt either to state a cognizable claim or explain why the Court has jurisdiction.  However, she has never done so, and there is no reason to think that she could or would do so here.  Therefore, the Court recommends that this new case be dismissed as frivolous.

### III.

For all of these reasons, the motion for leave to proceed *in forma pauperis* (#1) is granted.  It is further recommended that this case be dismissed as frivolous under 28 U.S.C. §1915(e)(2).

### IV.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object

to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge